**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| |
|---|
| JOEL M. STEMETZKI, |
| Plaintiff, |
| v. |
| US FOODS, INC., |
| Defendant. |

Civil Action No. 18-03015 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Defendant U.S. Foods, Inc.'s[1] ("Defendant" or "U.S. Foods") Motion to Dismiss. (ECF No. 4.) In response, Plaintiff Joel M. Stemetzki ("Plaintiff" or "Stemetzki"), filed opposition and a cross-motion for leave to file an amended complaint (ECF No. 6) and Defendant replied (ECF No. 8). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's Complaint and GRANTS Plaintiff's cross-motion for leave to file an amended complaint.

---

[1] The State Court Complaint incorrectly pled Defendant's name as "US Foods."

I.   **Background**[2]

On July 19, 2017, Plaintiff filed a complaint against Defendant, his former employer, in the Superior Court of New Jersey, Mercer County, Law Division. (Compl. 2, Ex. A, ECF No. 1-1.) The two-count complaint alleges that: (1) Stemetzki's employment was terminated in violation of N.J.S.A. § 34:15-39[3] (Compl. 2-3, ¶¶ 1-8, ECF No. 1-1);[4] and (2) U.S. Foods, in terminating Stemetzki, violated both the Americans with Disabilities Act of 1990 (the "ADA") and the terms of employment between the parties. (*Id.* at 3 ¶¶ 1-4.)

On March 2, 2018, Defendant removed the matter to this Court based on both federal question and diversity jurisdiction. (Notice of Removal ¶¶ 5-10, ECF No. 1.) Subsequently, Defendant filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff failed to adequately state a claim upon which relief can be granted. (Def.'s Moving Br. at 3-4, ECF No. 4-1.)

Plaintiff filed opposition and conceded to the dismissal of his ADA claim but asserted that his New Jersey workers' compensation retaliatory discharge claim and wrongful termination claim have been sufficiently pled. (Pl.'s Opp'n Br. 3, ECF No. 6-1.) Plaintiff also filed a cross-motion

---

[2] For the purposes of this motion to dismiss, the Court accepts as true and summarizes the facts alleged in the Complaint. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation omitted) (stating that on a Rule 12(b)(6) motion to dismiss, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.").

[3] N.J.S.A. § 34:15-39.1 provides, in relevant part, as follows:

> It shall be unlawful for any employer or his [or her] duly authorized agent to discharge or in any other manner discriminate against an employee as to his [or her] employment because such employee has claimed or attempted to claim workmen's compensation benefits from such employer.

[4] The Complaint is not sequentially numbered; therefore, the Court provides citations to both the pages and paragraphs for ease of reference.

for leave to file an amended complaint and attached a Proposed Amended Complaint that purportedly alleges additional facts to buttress his two remaining claims. (Pl.'s Notice of Cross Mot., ECF No. 6.) On reply, Defendant urged the Court to deny as futile Plaintiff's motion for leave to file an amended complaint. (Def.'s Reply Br. 3-4, ECF No. 8.)

## II.   Legal Standard

Federal Rule of Civil Procedure 12(b)(6) requires that a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, a complaint must reflect "more than a sheer possibility that a defendant has acted unlawfully" and cannot simply contain a "[t]hreadbare recital[ ] of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To determine whether a complaint meets this standard, courts must "view the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the plaintiff." *Barnard v. Lackawanna Cty.*, 696 F. App'x 59, 61 (3d Cir. 2017) (internal quotation marks and citations omitted). In other words, "[w]ell-pleaded factual content is accepted as true for purposes of determining whether the complaint states a plausible claim for relief. The assumption of truth does not apply, however, to legal conclusions couched as factual allegations." *Schulsinger v. Perchetti*, 724 F. App'x 132, 133 (3d Cir. 2018) (citation omitted).

## III.   Discussion

As an initial matter, the Court grants Defendant's motion to dismiss Plaintiff's ADA violation claim because Plaintiff explicitly concedes to its dismissal in his opposition (Pl.'s Opp'n Br. 3), and because the Complaint asserts no facts to support the claim.

3

Plaintiff also asserts that U.S. Foods terminated him in violation of N.J.S.A. § 34:15-39.1, which prohibits retaliatory discharge or discrimination against an employee who has claimed workmen's compensation benefits from his or her employer. (Compl. ¶ 7.) To make a *prima facie* showing under N.J.S.A. § 34:15-39.1, a complainant must demonstrate that "(1) [he or she] made or attempted to make a claim for workers' compensation"; and (2) "he [or she] was discharged in retaliation for making that claim." *Hejda v. Bell Container Corp.*, 160 A.3d 741, 751 (N.J. Super. Ct. App. Div. 2017) (citations omitted).

Plaintiff's Complaint is largely conclusory and is insufficient to maintain a retaliatory discharge claim under N.J.S.A. § 34:15-39.1. In effect, Plaintiff simply alleges that he received workers' compensation benefits for an injury he sustained during his employment and U.S. Foods subsequently terminated his employment. (*See generally* Compl., ECF No. 1-1.) Plaintiff's allegations are insufficient and the Court, accordingly, dismisses without prejudice Plaintiff's retaliatory discharge claim.

Finally, the Court turns to Plaintiff's state law wrongful termination claim. New Jersey is an "at-will" employment state, meaning that, "[i]n New Jersey, an employer may fire an employee for good reason, bad reason, or no reason at all under the employment-at-will doctrine." *McCrone v. Acme Mkts.*, 561 F. App'x 169, 172 (3d Cir. 2014) (quoting *Witkowski v. Thomas J. Lipton, Inc.*, 643 A.2d 546, 552 (1994)). Under this "at-will" framework, either the employee or employer may terminate the employment, "unless an agreement exists that provides otherwise." *Id.* (quoting *Bernard v. IMI Sys., Inc.*, 618 A.2d 338, 345 (1993)). The Complaint does not reference the employment agreement between Plaintiff and U.S. Foods, but merely states that "U.S. Foods otherwise wrongfully discharged Plaintiff . . . from employment." (Compl. 3

¶ 3.) Such a threadbare conclusory statement cannot support a claim for wrongful termination. As pled, therefore, the Court also dismisses Plaintiff's wrongful termination claim without prejudice.

## IV. <u>Conclusion</u>

For the reasons set forth above, the Court grants Defendant's motion to dismiss without prejudice and grants Plaintiff's motion for leave to file an amended complaint.[5] An order consistent with this Memorandum Opinion shall be entered.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

**Dated:** October 16, 2018

---

[5] The Court notes that Plaintiff's opposition and motion for leave to file an amended complaint contain additional facts not found in the Proposed Amended Complaint, and that Defendant contends, new facts notwithstanding, Plaintiff's Proposed Amended Complaint should be dismissed as futile. (Def.'s Moving Br. 7.) This issue, however, is not properly before the Court. The Court will address these arguments if Plaintiff files an amended complaint and Defendant raises such arguments in a renewed motion to dismiss.