**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| |
|---|
| JOEL M. STEMETZKI, |
| Plaintiff, |
| v. |
| US FOODS, INC., |
| Defendant. |

Civil Action No. 18-3015 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Defendant U.S. Foods, Inc.'s ("Defendant") Motion to Dismiss. (ECF No. 13.) Plaintiff Joel M. Stemetzki ("Plaintiff") opposed (ECF No. 16), and Defendant replied (ECF No. 17). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants Defendant's Motion to Dismiss Plaintiff's Amended Complaint.

**I.   Background**[1]

In March 2018, Defendant removed this matter from the Superior Court of New Jersey, Law Division, Mercer County under federal question and diversity jurisdiction. (Notice of Removal, ECF No. 1.) Subsequently, the Court dismissed Plaintiff's Complaint, and granted Plaintiff's request for leave to amend. (*See* Oct. 16, 2018 Op. & Order, ECF Nos. 9, 10.) On November 15, 2018, Plaintiff filed an Amended Complaint, alleging a violation of "N.J.S.A.

---

[1] For the purposes of the instant motion to dismiss, the Court accepts as true all well-plead factual allegations in the Amended Complaint. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation omitted).

34:15-39 *et seq.*",[2] and breach of contract pursuant to "a Union Collective Bargaining Agreement and/or Employer/Employee Policies and Procedures Handbook."[3] (Am. Compl. 4, ECF No. 11.)

Plaintiff's Amended Complaint provides that on June 22, 2008, September 28, 2008, June 14, 2009, and November 11, 2011, Plaintiff suffered work-related injuries. (Am. Compl. ¶¶ 3, 4.) Plaintiff received medical treatment "from Defendant's Worker's Compensation Insurance Carrier through May 28, 2014." (*Id.* ¶ 5.) On "April 27, 2014[,] Defendant's Worker's Compensation authorized treating orthopaedic physician . . . gave his opinion that Plaintiff could return to work without any restrictions," and in May 2014, Plaintiff was found "able to return to work full duty[.]" (*Id.* ¶ 6.) Plaintiff's Pain Management Specialist also opined that "Plaintiff was capable of performing the essential functions of his job . . . while Plaintiff was taking [his] prescribed medication." (*Id.* ¶ 7-8.) In or around July 2015, Defendant terminated Plaintiff's employment, which Plaintiff states was "for being continuously absent for work related injuries." (*Id.* ¶ 10.)

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) requires that a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[2] The New Jersey Workers' Compensation Act is found at N.J.S.A. 34:15-1 to -146.

[3] The Court notes that Plaintiff's Amended Complaint provides that Plaintiff is a citizen of New Jersey and Defendant "is a corporation doing business in the State of New Jersey, with a facility located [in] . . . New Jersey." (Am. Compl. ¶ 1.) Further, Plaintiff fails to plead an amount in controversy. Defendant's Notice of Removal, however, provides that it is a Delaware citizen with a principal place of business in Illinois. (Notice of Removal 2, ECF No. 1.) Moreover, relying on Plaintiff's request for relief, Defendant states it "believes in good faith that the amount in controversy in this matter exceeds $75,000 . . . ." (*Id.*) Plaintiff did not seek to remand the matter, and consequently, the Court accepts Defendant's allegations concerning subject matter jurisdiction. *See generally Spectacor Mgmt. Grp. v. Brown*, 131 F. 3d 120, 122 (3d Cir. 1997) ("Federal courts have diversity jurisdiction where there is complete diversity among the parties, and the amount in controversy meets the jurisdictional minimum. . . . As a general rule, that amount is determined from the good faith allegations appearing on the face of the complaint.").

2

544, 570 (2007). Further, a complaint must reflect "more than a sheer possibility that a defendant has acted unlawfully" and cannot simply contain a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Schulsinger v. Perchetti*, 724 F. App'x 132, 133 (3d Cir. 2018) (citation omitted) ("The assumption of truth does not apply . . . to legal conclusions couched as factual allegations.").

### III. Discussion

#### A. New Jersey Workers Compensation Act Violation

Defendant avers that Plaintiff's claim under the New Jersey Workers Compensation Act must fail "both as a matter of law and common sense." (Def.'s Moving Br. 3, ECF No. 13-1.) Namely, Defendant argues that Plaintiff's allegation that Defendant terminated Plaintiff's employment several years after Plaintiff had already been out on disability is illogical. (*See id.* at 3-4.) Moreover, Defendant argues that due to the large gap between Plaintiff filing his workers' compensation claims and his ultimate termination, Plaintiff fails to demonstrate a causal connection. (*Id.* at 4.)

"In analyzing a retaliatory discharge claim under New Jersey law, 'courts look to correlative federal law to supply the relevant standards for evaluating the claim.'" *Davis v. Supervalu, Inc.*, No. 13-414, 2013 WL 1704295, at *5 (D.N.J. Apr. 18, 2013) (quoting *Morris v. Siemens Components*, 928 F. Supp. 486, 493 (D.N.J. 1996)). "Federal courts have held that in order to establish causation, a plaintiff usually must allege either: (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Id.* (citing *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d. 259, 267 (3d Cir. 2007)); *see also Malone v. Aramark Servs., Inc.*, 760 A.2d 833, 837 (N.J. Super. Ct. 2000) (citing *Lally v. Copygraphics, Inc.*, 413 A.2d 960

(N.J. Super. Ct. App. Div. 1980), *aff'd*, 428 A.2d 1317 (1981)) ("Retaliation in violation of [the New Jersey Workers Compensation Act] gives rise to a common law claim by the aggrieved worker for compensatory and punitive damages."); *id.* at 837-38 (explaining that the New Jersey Workers Compensation Act does not "entitle workers to have their jobs held for them until they recuperate from work related injuries").

Here, Plaintiff has failed to allege any facts that would allow the Court to infer causation. Plaintiff's last workers' compensation claim was in 2011, which was over two years prior to his seeking to return to work and four years prior to his employment termination. That Plaintiff was out of work and receiving medical treatment due to his workplace injuries, and was terminated several years later after he attempted to return to work, fails to sufficiently demonstrate that Plaintiff's employment termination was in retaliation for his filing for workers' compensation. The Court, accordingly, dismisses without prejudice Plaintiff's claim under the New Jersey Workers' Compensation Act.

### B. **Breach of Contract**

Defendant attacks Plaintiff's breach of contract claims on two grounds. First, Defendant states that Plaintiff is not a party to the "Union Collective Bargaining Agreement," but rather, that agreement is a contract between Defendant and Plaintiff's union. (Def.'s Moving Br. 6.) Further, Defendant contends that even if Plaintiff pled that he is a party to the agreement, the Labor Relations Management Act, 29 U.S.C. § 301, preempts that claim. (*Id.*) Regarding the employee handbook, Defendant avers that the handbook provides that it does not serve as a contract between Plaintiff and Defendant. (*Id.* at 6-7.) Plaintiff's opposition failed to respond to Defendant's breach of contract arguments.

4

"To state a claim for breach of contract, a plaintiff must allege[:] (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). Here, regarding breach of contract, Plaintiff's Amended Complaint solely provides the following statement: "Defendant . . . wrongfully terminated . . . Plaintiff . . . from employment in violation of a Union Collective Bargaining Agreement and/or Employer/Employee Policies and Procedures Handbook." (Am. Comp. 4.)

Preliminarily, Plaintiff fails to point to any specific terms in those alleged contracts or state how Defendant breached those terms. Moreover, Plaintiff fails to refute Defendant's assertion that he is not a party to the collective bargaining agreement, and Plaintiff's employee handbook contains the following statement: "This handbook contains no express or implied promises or commitments and does not constitute a contractual obligation of any kind to any prospective, present[,] or past company employee." (Def.'s Moving Br., Ex. A, ECF No. 13-1.)[4]

"[T]he inclusion of a 'clear and prominent disclaimer,'" as contained in the instant employment handbook, negates "an implied contract based on an employment manual." *Luongo v. Vill. Supermarket, Inc.*, 261 F. Supp. 3d 520, 529 (D.N.J. 2017); *see also id.* ("Employers who are wary of creating contractual rights . . . may protect themselves. Many have included disclaimers in their employment manuals, and such disclaimers have been found effective.").

The Court finds Defendant successfully demonstrated Plaintiff failed to state a claim upon which relief can be granted because Plaintiff failed to: (1) demonstrate he is a party to the "Union

---

[4] Because Plaintiff explicitly relied upon the employment manual in his Amended Complaint, the Court may consider the employment manual without converting this motion into a motion for summary judgment. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

Collective Bargaining Agreement"; and (2) refute Defendant's well-founded argument that the employee handbook is not a contract. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). The Court, accordingly, dismisses Plaintiff's breach of contract claim.

## IV. <u>Conclusion</u>

The Court grants Defendant's Motion to Dismiss. (ECF No. 13.) The Court dismisses without prejudice Plaintiff's Amended Complaint. (ECF No. 11.) The Court will enter an Order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: 6/20/19